## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

KAIFI LLC,

      Plaintiff,

      v.

AT&T INC.; AT&T CORP.;
AT&T COMMUNICATIONS, LLC;
AT&T MOBILITY LLC; and
AT&T SERVICES, INC.,

      Defendants.

Case No. 2:19-CV-138

JURY TRIAL DEMANDED

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff KAIFI LLC ("Plaintiff" or "KAIFI") hereby alleges infringement of United States Patent No. 6,922,728 ("the '728 Patent") against Defendants AT&T Inc. ("ATTI"); AT&T Corp. ("ATTCorp"); AT&T Communications, LLC ("ATTComm"); AT&T Mobility LLC ("ATTM"); and AT&T Services, Inc. ("ATTS") (collectively, "Defendants" or "AT&T") as follows:

### THE PARTIES

1.      Plaintiff KAIFI is a corporation organized and existing under the laws of the State of Texas, having a principal place of business at 405 State Highway 121, Lewisville, Texas 75067.

2.      Defendant ATTI is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 208 South Akard Street, Dallas, Texas 75202-4206.

3.      Defendant ATTCorp is a corporation organized and existing under the laws of the

30678066

State of New York, with a principal place of business at One AT&T Way, Bedminster, New Jersey, 07921-0752.

4.     Defendant ATTComm is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 208 South Akard Street, Dallas, Texas 75202-4206.

5.     Defendant ATTM is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business at 1025 Lenox Park Boulevard NE, Atlanta, Georgia 30319.

6.     Defendant ATTS is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 175 East Houston Street, San Antonio, Texas 78205.

7.     Upon information and belief, Defendant ATTI is the parent corporation of Defendants ATTCorp, ATTComm, ATTM, and ATTS; and Defendant ATTComm is the parent company of Defendant ATTM.  Defendants have a regular and established place of business at 1712 East Grand Avenue, Marshall, Texas 75670.

8.     Defendants may be served with process through their registered agent at CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## JURISDICTION; VENUE; JOINDER

9.     This action arises under the patent laws of the United States, Title 35 of the United States Code ("U.S.C.") § 101 *et seq.*

10.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332, and 1338(a).

11.    Defendants are subject to this Court's specific and general personal jurisdiction consistent with the principles of due process and/or the Texas Long Arm Statute.

2

30678066

12.     Defendants are registered with the Secretary of State to do business in the State of Texas.  Defendants sell and offer to sell products and services throughout the State of Texas, including in this judicial district, and introduce infringing products and services into the stream of commerce knowing that they would be sold in the State of Texas and this judicial district.

13.     Personal jurisdiction exists generally over Defendants because each Defendant has sufficient minimum contacts with the forum as a result of business conducted within the State of Texas and the Eastern District of Texas.  Personal jurisdiction also exists over each Defendant because it, directly or through subsidiaries or intermediaries, makes, uses, sells, offers for sale, imports, advertises, makes available, and/or markets products within the State of Texas and the Eastern District of Texas that infringe one or more claims of the '728 Patent, as alleged more particularly below.

14.     Venue in this District is proper under 28 U.S.C. §§ 1400(b) and 1391(b)–(c) because each Defendant is subject to personal jurisdiction, resides and/or has a regular and established place of business, and has committed acts of infringement in this District.  Each Defendant makes, uses, sells, offers to sell, and/or imports infringing products into and/or within this District, maintains a permanent and/or continuing presence within this District, and has the requisite minimum contacts with this District such that this venue is a fair and reasonable one. Upon information and belief, each Defendant has transacted and, at the time of the filing of the Complaint, is continuing to transact business within this District.

15.     Defendants are properly joined under 35 U.S.C. § 299(a)(1) because, as set forth in greater detail below, Defendants commonly and/or jointly make, use, sell, offer to sell, and/or import infringing instrumentalities, such that at least one right to relief is asserted against Defendants jointly, severally, and in the alternative with respect to the same transactions,

3

30678066

occurrences, or series of transactions or occurrences relating to the making, using, selling, offering to sell, and/or importing into the United States the same accused instrumentalities, as set forth in greater detail herein.

16.    Defendants are properly joined under 35 U.S.C. § 299(a)(2) because, as set forth in greater detail below, Defendants make, use, sell, offer to sell in, and/or import into the United States the same or similar accused instrumentalities, such that questions of fact that are common to all Defendants will arise, as set forth in greater detail herein.

## BACKGROUND

17.    The '728 Patent, entitled "Optimal Internet Network Connecting and Roaming System and Method Adapted for User Moving Outdoors or Indoors," issued on July 26, 2005 to the Korea Advanced Institute of Science & Technology ("KAIST"), one of South Korea's premier research universities.  A true and correct copy of the '728 Patent is attached hereto as Exhibit A.

18.    KAIST was founded in 1971 as Korea's first research-oriented science and engineering institution, has over 9,000 students and 1,100 faculty researchers, and holds more than 3,300 registered patents worldwide.  KAIST has ranked 1st in Korea and 21st in the world for engineering and information technologies.  In 2017, Thomson Reuters named KAIST as the 6th most innovative university in the world.  The *Times Higher Education* ranged KAIST as the 3rd best university in the world under 50 years old.

19.    Plaintiff KAIFI is an intellectual property consulting company that promotes and manages intellectual property directed to telecommunications technologies, which are developed by Korean research institutes and universities, such as KAIST.  KAIFI owns by assignment all right, title, and interest in and to the '728 Patent, including the right to all remedies for past and ongoing infringement thereof, and thus has standing to sue for infringement.

4

20.     The sole inventor of the '728 Patent is Dong-Ho Cho, who is currently a professor of electrical engineering at KAIST.  Prof. Cho has been the Dean of the College of Information Science & Technology at KAIST, served as the director of KAIST's Wireless Power Transfer Technology Research Center, served as an advisor to the Korean Ministry of Information and Communication from 2003 to 2007, and heads the LG-KAIST 6G Research Center.

21.     Prof. Cho is the named inventor on 70 U.S. patents and hundreds of patents worldwide, and is the author of numerous technical publications.  His patents and publications have been cited over 8,000 times.  He has conducted research into network interconnection technologies and integration of packet-based voice and data terminals with cellular mobile networks since the late 1980s.  He has been recognized as a leading scholar on wireless communications, including next-generation "5G" mobile networks.

22.     Prof. Cho and his research have been recognized with numerous distinctions.  For example, the Republic of Korea awarded Prof. Cho a Presidential Citation and the Red Stripes Order of Service Merit, for his contributions to the fields of advanced mobile communications and wireless technologies.  The Korean Institute of Communications and Information Sciences has recognized and awarded Prof. Cho for his contributions.  The Korean newspaper, *Dong-a Ilbo*, named Prof. Cho as among Korea's 100 leading pioneers.

23.     The '728 Patent is directed to an Internet network connecting and roaming system and method.  The '728 Patent provides significant benefits and solutions.  For example, with the patented invention, voice and data signals may be seamlessly transitioned to a Wi-Fi network from an LTE network.  This reduces load and congestion on cellular networks, reduces network costs, and increases voice and data communication coverage quality and range.

### AT&T ADOPTS THE '728 PATENT TECHNOLOGY

24.     Defendants provide a Wi-Fi Calling system and service and, on information and

belief, other reasonably similar instrumentalities.  According to AT&T, "Wi-Fi Calling is a complement to AT&T's already great network coverage.  Along with a network that covers more than 99 percent of all Americans, our customers now have an option for making calls in areas where a cellular signal is tough to get – such as a home or office with dense building construction.  Once set-up, your phone will use Wi-Fi Calling automatically in places where you have limited or no cell signal, but you do have a Wi-Fi Internet connection."

25.    According to AT&T, "Wi-Fi Calling works in the background, allowing you to make and receive calls like you would on the cellular network.  Since the service is built-in, you have the same telephone number and access to your contacts without having to add them to a separate app."

26.    According to AT&T, "Once Wi-Fi Calling is set-up and your smartphone connects to a Wi-Fi network, it detects when to use Wi-Fi Calling in places with limited or no cell coverage.  AT&T Wi-Fi Calling lets you make and receive calls, and send and receive texts, like you would on the cellular network."

### THE ACCUSED INSTRUMENTALITIES

27.    The Accused Instrumentalities include Defendants' systems, networks, and components and services thereto for implementing seamless network transition, including off-loading to a Wi-Fi network, such as their Wi-Fi Calling system and service.

### COUNT 1

28.    Each Defendant infringes at least claim 1 of the '728 Patent.

29.    Each Defendant has committed and continues to commit acts of direct infringement by making, using, selling, offering to sell, and/or importing Accused Instrumentalities, including but not limited to Wi-Fi Calling, AT&T Internet (formerly called AT&T U-verse), and AT&T's Wi-Fi Services, which include nationwide Wi-Fi hotspots.

30678066

30.     Exhibit B details the manner in which the Accused Instrumentalities infringe the '728 Patent by way of a representative example that charts Defendants' Wi-Fi Calling.  On information and belief, the manner of infringement by all Accused Instrumentalities is materially the same as this representative example.

31.     Defendants have actual notice of the '728 Patent and/or their infringing activities relating to the '728 Patent.  For example, Defendants have been aware of the '728 Patent since at least November 11, 2015 when they were put on notice of infringement and/or offered a license to the '728 Patent.

32.     Each Defendant has been and is indirectly infringing the '728 Patent by actively inducing the direct infringement by others of the '728 Patent, in the United States, the State of Texas, and this District.

33.     Each Defendant has induced and continues to induce through affirmative acts customers and third parties, such as wireless subscribers and/or Internet service users, to directly infringe the '728 Patent under 35 U.S.C. § 271(b) by making, using, selling, offering for sale, and/or importing into the United States the Accused Instrumentalities.

34.     Each Defendant specifically intended and was aware that the ordinary and customary use of the Accused Instrumentalities would infringe the '728 Patent.

35.     The affirmative acts of inducement by Defendants include, but are not limited to, any one or a combination of encouraging and/or facilitating third party infringement through the advertisement, marketing, and dissemination of the Accused Instrumentalities and their components, including via Defendants' wireless subscribers and/or Internet service users; and creating and publishing promotional and marketing materials, supporting materials, product manuals, and/or technical support and information relating to the Accused Instrumentalities,

30678066

including but not limited to Wi-Fi Calling and off-loading to a Wi-Fi network, which describe, train, and instruct users on the implementation of the Accused Instrumentalities and their components, including but not limited to mobile devices, Wi-Fi networks, and cellular networks.

36.     Defendants knew that the induced conduct would constitute infringement, and intended said infringement at the time of committing the aforementioned acts, such that those acts and conduct have been and continue to be committed with the specific intent to induce infringement, or to deliberately avoid learning of the infringing circumstances at the time these acts were committed, so as to be willfully blind to the infringement they induced.

37.     Defendants took active steps to encourage end users to use and operate the Accused Instrumentalities, including but not limited to Wi-Fi Calling and off-loading to a Wi-Fi network, despite knowing of the '728 Patent in the United States, in a manner they knew directly infringes each element of at least claim 1 of the '728 Patent.  Further, Defendants provided product manuals and other technical information that cause their subscribers, customers, and other third parties to use and to operate the Accused Instrumentalities for their ordinary and customary use, such that Defendants' customers and other third parties have directly infringed the '728 Patent, through the normal and customary use of the Accused Instrumentalities.

38.     Therefore, each Defendant is liable for infringement of the '728 Patent and that infringement has been and continues to be willful in nature.

39.     Plaintiff KAIFI has incurred and will continue to incur substantial damages.

40.     Plaintiff KAIFI has been and continues to be irreparably harmed by each Defendant's infringement.

41.     Therefore, Plaintiff KAIFI is entitled to an injunction, actual and/or compensatory damages, reasonable royalties, pre- and post-judgment interest, enhanced damages, attorney fees,

8

30678066

and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff KAIFI respectfully requests that this Court:

A.      Enter judgment in favor of Plaintiff KAIFI that the '728 Patent is valid and enforceable;

B.      Enter judgment in favor of Plaintiff KAIFI that each Defendant has infringed and continues to infringe the '728 Patent, and find that such infringement is willful;

C.      Award Plaintiff KAIFI all monetary relief available under the laws of the United States, including but not limited to 35 U.S.C. § 284;

D.      Order each Defendant to pay ongoing royalties in an amount to be determined for any continued infringement after the date that judgment is entered;

E.      Declare this case exceptional and award Plaintiff KAIFI its reasonable attorney fees under 35 U.S.C. § 285;

F.      Enjoin each Defendant, and its officers, subsidiaries, agents, servants, and employees, and all persons in active concert with any of the foregoing, from further infringement of the '728 Patent; and

G.      Grant Plaintiff KAIFI all such other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff KAIFI demands a jury trial on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Date: April 26, 2019                    Respectfully submitted,

                                        */s/ Robert Christopher Bunt*

                                        Andrew Y. Choung
                                        Cal. Bar No. 203192 (admitted in E.D. Texas)
                                        Erica J. Van Loon

9

30678066

Cal. Bar No. 227712 (admitted in E.D. Texas)
Guy M. Rodgers
Cal. Bar No. 303229 (admitted in E.D. Texas)
LATHROP GAGE LLP
1888 Century Park East, Suite 1000
Los Angeles, California 90067
Telephone:  (310) 789-4660
Facsimile:   (310) 789-4601
Email: achoung@lathropgage.com
Email: evanloon@lathropgage.com
Email: grodgers@lathropgage.com

Robert Christopher Bunt
Texas Bar No. 00787165
PARKER, BUNT & AINSWORTH PC
100 E. Ferguson St., Suite 418
Tyler, Texas 75702
Telephone:  (903) 531-3535
Email: rcbunt@pbatyler.com

*Attorneys for Plaintiff KAIFI LLC*

10

30678066